IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| HADI RAHSEPASS, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Cv. No. 2:12-cv-02669-JPM-tmp |
| | ) | Cr. No. 2:06-cr-20349-JPM-1 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On July 31, 2012, Defendant Hadi Rahsepass, Bureau of Prisons registration number 04721-265, released on June 21, 2013, filed a motion pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"). (ECF No. 1.) On May 29, 2013, the Court directed the United States to respond to the motion to vacate. (ECF No. 3.) On June 21, 2013, the United States filed a response contending that Rahsepass's motion is without merit. (ECF No. 4.) For the reasons that follow, Rahsepass's § 2255 motion is DENIED, and a certificate of appealability is DENIED. The Court also finds that an appeal would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.

I.  BACKGROUND TO MOTION

On September 13, 2006, a federal grand jury indicted Hadi Rahsepass in a one-count indictment charging him with willfully and knowingly making a false statement in an application for a passport with intent to induce and secure for his own use the issuance of a passport under the authority of the United States in violation of 18 U.S.C. § 1542. (*United States v. Rahsepass*, No. 2:06-cr-20349-JPM-1 (W.D. Tenn. filed September 13, 2006), ECF No. 1.) On May 24,

20007, Rahsepass pleaded guilty to Count One of the indictment pursuant to an oral plea agreement. (*Id.*, ECF Nos. 35, 37.)

The United States Probation and Pretrial Services prepared a presentence investigation report ("PSR"), which recommended a total offense level of 8 and criminal history category of IV. (PSR at 13.) The PSR calculated Rahsepass's advisory guideline range at 10 to 16 months of imprisonment. (*Id.*) On August 30, 2007, the Court sentenced Rahsepass to time served, two years of supervised release, and a special assessment of $100. (*United States v. Rahsepass*, No. 2:06-cr-20349-JPM-1 (W.D. Tenn. filed September 13, 2006), ECF No. 41.)

Rahsepass's supervised release commenced on May 13, 2008 and was set to expire on May 12, 2010. (*See id.*, ECF No. 43 at PageID 56.) U.S. Probation Officer Patrick Hanley submitted a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender on March 17, 2010. (*Id.*) Hanley requested that the Court extend Rahsepass's term of supervised release by one year because "the defendant [was] participating in a nine-month substance abuse treatment program which [was] scheduled to continue until October 2010." (*Id.*) Hanley further noted that "the defendant [had] requested assistance addressing his cognitive thinking errors." (*Id.*) Attached to Hanley's request was a signed Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision. (*Id.*, ECF No. 43-1.) The waiver stated:

> I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

> I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:
>
> 1. The term of Supervised Release shall be extended for one year to expire on May 12, 2011.
>
> 2. The defendant shall participate in a cognitive behavior program, such as but not limited to Moral Reconation Therapy (MRT), as directed by the probation officer.

(*Id.*) The waiver was signed by both Hanley and Rahsepass, and was dated March 10, 2010. (*Id.*) As a result of Hanley's request and Rahsepass's waiver, the Court extended Rahsepass's term of supervised release by one year on March 23, 2010. (*Id.*, ECF No. 44.)

On May 5, 2011, the Court granted the Supervising U.S. Probation Officer's petition for a warrant of arrest as to Rahsepass for violation of the conditions of his supervised release. (*Id.*, ECF No. 45.) The petition for warrant alleged that Rahsepass had violated two provisions of his supervised release: 1) "[t]he defendant shall not commit another federal, state or local crime;" and 2) "[t]he defendant shall refrain from any unlawful use of a controlled substance." (*Id.* at PageID 62-63.) With regard to the first provision, the petition stated that Rahsepass "was arrested by the Memphis Police Department on January 27, 2011, and charged with Promotion of Methamphetamine Manufacture." (*Id.* at PageID 62.) With regard to the second provision, the petition stated that "[l]aboratory results confirmed the defendant tested positive for the use of methamphetamine on October 22, 2009, and November 19, 2009, methamphetamine and marijuana on February 3, 2011, marijuana on April 15, 2011, and methamphetamine on April 19, 2011." (*Id.* at PageID 63.)

A warrant for Rahsepass's arrest was issued on May 5, 2011 (*id.*, ECF No 46), and Rahsepass made an initial appearance on May 9, 2011 (*id.*, ECF No. 47). Rahsepass was granted appointment of a federal public defender on May 9, 2011. (*Id.*, ECF No. 50.) On May 18, 2011,

a detention hearing was held (*id.*, ECF No. 59), and Rahsepass waived his right to a preliminary hearing (*id.*, ECF No. 62).

On July 29, 2011, Rahsepass pleaded guilty to both of the asserted violations. (*Id.*, ECF No. 72.) The Court sentenced Rahsepass to 24 months of incarceration with no additional term of supervision after incarceration. (*Id.*, ECF No. 73.) Rahsepass did not appeal his sentence.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted). A defendant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A § 2255 motion is not a substitute for a direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). This rule, however, is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.

*Id*.

Constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise those issues previously. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence." *Bousley*, 523 U.S. at 622.

After a § 2255 motion is filed, it is reviewed by the court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file its answer, motion, or other response within a fixed time, or take other action the judge may order." *Id*. The movant is entitled to reply to the Government's response. Rule 5(d), Section 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, Section 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007), *cert. denied*, 552 U.S. 1217 (2008), *reh'g denied*, 552 U.S. 1305 (Mar. 31, 2008) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). "'[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### III. ANALYSIS

Rahsepass requests the Court to vacate his sentence on two bases: 1) excessive or unreasonable sentence; and 2) deprivation of due process under the Fourteenth Amendment. (§ 2255 motion at PageID 5-6.) The United States has responded that Defendant's entire motion is without merit and should be denied. (ECF No. 4.)

#### A. Excessive or Unreasonable Sentence

Rahsepass argues that the sentence imposed for violation of the terms of his supervised release is excessive or unreasonable because it is 200% longer than "the sentence of the felony" and 2000% longer than "the extra-term not signed by the Court at its sentence." (ECF No. 1 at PageID 5.)

Because Rahsepass did not appeal his sentence on grounds of an excessive or unreasonable sentence, Rahsepass must demonstrate cause for the procedural default and actual prejudice.[1] *See Bousley*, 523 U.S. at 622. To establish cause under these circumstances, Rahsepass must "show that some objective factor external to the defense" prevented Rahsepass's direct appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).

---
[1] Rahsepass does not assert that he is actually innocent.

6

Although Rahsepass's factual allegations in support of his assertion that his sentence was excessive or unreasonable are less than clear, Rahsepass has undoubtedly failed to allege any factor external to his defense that would have prevented his direct appeal. Based on this fact alone, Rahsepass's assertion of this basis for relief is without merit. Additionally, Rahsepass cannot establish prejudice. The Court accurately calculated Rahsepass's guideline range of 24-30 months and statutory maximum of two years.[2] (*See United States v. Rahsepass*, No. 2:06-cr-20349-JPM-1 (W.D. Tenn. filed September 13, 2006), ECF No. 83 at PageID 131.) The sentence imposed on Rahsepass was 24 months, which is at the low end of the guideline range and did not exceed the statutory maximum. Consequently, Rahsepass's sentence was neither excessive nor unreasonable.

For these reasons, Rahsepass's first claim for relief is without merit.

### B. Deprivation of Due Process Under the Fourteenth Amendment

Rahsepass argues that he was deprived of due process under the Fourteenth Amendment because the record shows "that the extension was determined by the probation officer, and changed . . . the Judge['s] sentence;" and "[p]robationer cannot claim [a] property interest in procedural protections that govern modification of [the] condition[s] of supervised release . . . ." (§ 2255 motion at PageID 6.)

Rahsepass's claim of deprivation of due process also fails as a result of procedural default. Rahsepass failed to allege any factor external to his defense that would have prevented

---

[2] Pursuant to 18 U.S.C. § 3583(e)(3), if the Court finds a defendant violates a provision of the supervised release, the Court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision . . . ." Here, Rahsepass's initial term of supervised release was two years. Consequently, the statutory maximum term of imprisonment that could have been imposed on Rahsepass for his supervised release violations was also two years.

7

him from raising this issue on direct appeal.  Additionally, Rahsepass cannot establish prejudice. With regard to the one year extension of his initial term of supervised release, Rahsepass waived his right to a hearing and assistance of counsel and expressly agreed to the term modification. (*United States v. Rahsepass*, No. 2:06-cr-20349-JPM-1 (W.D. Tenn. filed September 13, 2006), ECF No. 44-1.)  Moreover, the extension of Rahsepass's supervised release was not considered by the Court when it determined that the statutory maximum term of imprisonment for violation of the conditions of supervised release was two years.  This term was based on Rahsepass's initial term of supervised release, which was also two years.  Rahsepass's initial term of supervised release was calculated based on his total offense level of 8, criminal history category of IV, and the statutory guidelines under 18 U.S.C. § 3583(b)(2).  (*See* PSR at 13-14.) Rahsepass does not allege that the initial calculation was inaccurate.

Accordingly, Rahsepass's second claim for relief is without merit.

## IV. CONCLUSION

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Defendant's conviction and sentence are valid, and his Motion to Vacate (ECF No. 1) is DENIED.  Judgment shall be entered for the United States.

## V. APPELLATE ISSUES

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).  No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

In this case, for the reasons previously stated, Defendant's claims lack substantive merit and, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a), however, also provides that, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED. If Defendant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)-(5)).

**IT IS SO ORDERED,** this 20th day of July 2015.

/s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE